# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOHN J. ROBBINS, | : | CIVIL NO: 1:13-CV-0705 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JEFFREY SMITH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

**I.     Introduction**.

John Robbins ("Robbins"), a state prisoner proceeding *pro se*, commenced this action on March 18, 2013, by filing a document entitled "criminal complaint" (hereinafter "complaint"). *Doc*. 1. According to the complaint, Robbins requests that the defendants named therein be criminally charged for conducting "illegal" activities in violation of 18 U.S.C. §§ 241 and 242. *See generally*, *id*. In addition, Robbins filed an application to proceed *in forma pauperis*. *Doc*. 6. Considering, however, that Robbins did not intend on filing a civil action, we decline to rule on the merits of his application to proceed *in forma pauperis*, and, instead, we recommend that it be vacated. Furthermore, despite the fact that Robbins did not intend on filing a civil action, we nonetheless construed his pleading as a civil complaint for purposes of disposing of this case. Therefore, after screening his

1

complaint pursuant to 28 U.S.C. § 1915A, we recommend that it be dismissed with prejudice, for failure to state a claim.

## II. Standard of Law.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners. Specifically, we are obliged to review Robbins' complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under § 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' *Ashcroft v. Iqbal*, 556 U.S. 662, 673-74 (2009). Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 678-79.

Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id.*" *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a pro se plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## III. **Discussion**.

Regarding whether Robbins' complaint properly states a claim upon which relief may be granted, and applying the above standards for the legal sufficiency of a complaint, we are compelled to recommend that Robbins' complaint be dismissed.

Robbins' complaint is an eighteen page, hand written, document entitled "criminal complaint." *Doc*. 1. In it, Robbins describes various "illegal" activities that the defendants allegedly engaged in during the course of his criminal case, in Bradford County, Pennsylvania. *See generally id*. He concludes by requesting that "[his] criminal complaint be presented to the grand jury immediately as a *prima facie* case has been presented to charge [sic] Title 18 U.S.C. 241 and 242 violations." *Id.* at 15.

After Robbins filed his complaint, the Clerk of Court mailed an administrative order to him. *Doc*. 4. The administrative order directed Robbins to either pay the filing fee or file an application to proceed *in forma pauperis*. *Id*. Robbins responded to the administrative order by filing an application to proceed *in forma pauperis*. He also wrote a corresponding letter to the Clerk, stating the following:

> I am wondering if my complaint was [inappropriately] categorized. My complaint is to report crimes that were committed against me, and to request those persons to be charged and prosecuted to the fullest extent of the law.

*Doc*. 7 at 2.

"Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F.Supp. 1502, 1506 (W.D.Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a

case."); *Williams v. Luttrell*, 99 Fed. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), Robbins' "criminal" complaint must be dismissed for failure to state a claim. *See McClinton v. U.S. Xpress*, No. 3:08-CV-54-H, 2008 WL 710251, at *2, 3:08-CV-54-H (W.D.Ky. 2008). Should Robbins wish to initiate a criminal complaint in state court, he can submit a criminal complaint to an attorney for the Commonwealth, pursuant to Rule 506 of the Pennsylvania Rules of Criminal Procedure.[1] There is no similar option available in federal court.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that:

(1) Robbins' complaint (*Doc*. 1) be **DISMISSED** for failure to state a claim; and

(2) Robbins' application to proceed *in forma pauperis* (*Doc*. 6) be **VACATED** and all filing fees returned to him;

---

[1] Pursuant to Pa.R.Crim.P. Rule 506, attorneys for the Commonwealth have the authority to approve or disapprove a private criminal complaint. Thus, merely filing the private criminal complaint does not guarantee that criminal charges will result.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **10th** day of **May, 2013**.

                               ***/s/ Susan E. Schwab***
                               Susan E. Schwab
                               United States Magistrate Judge